## MOORE v. CLEAR LAKE WATERWORKS.*

### No. 9452; January 12, 1885.

#### 5 Pac. 494.

**Ditch—Allegation of Carrying Capacity of.**—The capacity of a ditch is not sufficiently alleged by a statement that a ditch carries a certain number of cubic feet of water, and that the flow is at a given rate per second, without stating the duration of time within which the named quantity of water passes.

**Riparian Rights—Diversion of Water—Injunction.**—Unless the flow in a stream to the land of a riparian proprietor has been appreciably or perceptibly diminished, he is not entitled to an injunction against another for wrongfully diverting water from his stream.

---

*For subsequent opinion in bank, see Moore v. Clear Lake Water Works, 68 Cal. 146, 8 Pac. 816.

APPEAL from the Superior Court of the County of Yolo.

Fox & Kellogg for appellant; W. B. Treadwell, F. E. Baker, and Wallace, Greathouse & Blanding for respondent.

McKINSTRY, J.—The court below found "all the allegations of the complaint herein are true, except that the capacity of the ditch of plaintiff, therein described, is four hundred and thirty-two cubic feet of water per second, and no more." The first count of the complaint fails to aver intelligibly what is the capacity of plaintiff's ditch. The allegation in the first count is: "The said ditch, during all the times, etc., had the capacity to carry one hundred and eighty cubic feet of water, running and flowing at the velocity of four feet per second." It is very clear that a statement that a ditch has capacity to carry one hundred and eighty "cubic" feet of water conveys no distinct idea, and the words "running and flowing at the velocity of four feet per second," add no force or meaning to those which precede them. Seven hundred and twenty cubic feet of water might indeed pass into a ditch in a second of time, or so might one hundred and eighty cubic feet. But the allegation of the complaint is not an allegation of either of those two things. An acceleration of the current would increase the quantity of water passing any point on the ditch in any fixed period of time. But an allegation that a ditch carries a certain number of cubic feet of water, and that the flow is at a given rate per second, without stating the duration of time within which the named quantity of water passes, omits the datum which can alone give precision to the averment.

It is urged by respondent that the second count of the complaint (the allegations of which the court found to be true) shows plaintiff to be a riparian proprietor, and entitled, as against the defendant, who is not a riparian owner, to all the water of the stream. The second count alleges that defendant has diverted and is diverting a large portion of the waters of the creek. It is impossible to determine what quantity of water may, in the opinion of the pleader, be a large portion. It is apparent that a great quantity of water may be taken from a large stream without materially, or even perceptibly, diminishing the flow of the stream below the point

of diversion. There is no averment that by reason of the diversion by defendant the quantity of water in the creek when it reaches plaintiff's lands is reduced in such degree as even to be discoverable. For aught that appears from the complaint, Cache creek flows through such lands, bank full. Of course, if any quantity is diverted, the quantity so diverted does not reach the lands below. But conceding, for the purposes of the argument, the rights of riparian owners to be as suggested by respondent's counsel, a plaintiff is not entitled to an injunction unless the flow to his land has been appreciably, or at least perceptibly, diminished by diversion above. Judgment reversed and cause remanded for a new trial.

We concur: Sharpstein, J.; Myrick, J.; Thornton, J.; Ross, J.; McKee, J.; Morrison, C. J.